## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TILIA NEWSOME, as Administrator )
of the Estate of JOHN NEWSOME SR, )
Deceased, )
                      )
       Plaintiff, )
                      )
       v. )      Case Number:
                      )
MADISON COUNTY, ILLINOIS )
MADISON COUNTY, ILLINOIS )
SHERIFF'S OFFICE, )
 and unknown JOHN DOES, )
                      )
       Defendants. )

## COMPLAINT

NOW COMES Plaintiff, TILIA NEWSOME, as Administrator of the Estate of JOHN NEWSOME SR, Deceased, by and through her undersigned attorneys of record of Williamson, Webster, Falb & Glisson, and for her Complaint against the above named defendants, states the following based on information and belief:

## JURISDICTION AND VENUE

1.  This case arises under the United State Constitution and 42 U.S.C. §§1983 and 1988, as amended. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331, 1343(a)(3), and/or 42 U.S.C. § 1983.

2.  Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391 (b)(2), because, upon information and belief, all of the above named defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

### A. PLAINTIFF AND DECEDENT

3.   Plaintiff, Tilia Newsome, (hereafter "Plaintiff") as Administrator of the Estate of John Newsome Sr., Deceased (hereafter "Decedent"), is a citizen of the State of Illinois.

4.   Plaintiff is Decedent's natural daughter, next of kin, and heir at law, and Plaintiff was named Administrator of the Estate of John Newsome Sr ("Decedent") on August 19, 2016 by Judge Harrison of the Third Judicial Circuit, Madison County, State of Illinois.

5.   Decedent was, at all times relevant herein, a sixty-one year old citizen of the State of Illinois at the time of his untimely death.

### B. DEFENDANTS

6.   Defendant Madison County, Illinois was, at all times relevant herein, a local government entity in Madison County, State of Illinois, and operated both a police force and a county jail located at 405 Randle Street, Edwardsville, Illinois 62025.

7.   Defendant Madison County, Illinois Sheriff's Office was, at all times relevant herein, a governmental agency and/or entity in Madison County, State of Illinois, and operated a police force and a county jail located at 405 Randle Street, Edwardsville, Illinois 62025.

8.   Defendants unknown John Does were, at all times relevant herein, officers, employees,a agents, and/or servants working as police and jail personnel at the county jail located at 405 Randle Street, Edwardsville, Illinois 62025 and operated by  Madison County, Illinois and/or the Madison County, Illinois Sheriff's Office. Defendants unknown John Does are named as such because their identities have not been ascertained at this point due to pending criminal matters, notwithstanding reasonable attempts to ascertain said identities.

9.   At all times relevant herein, Defendants unknown John Does were acting under color of law, and within their scope of employment and/or agency with Madison County, Illinois and/or the Madison County, Illinois Sheriff's Office.

## FACTS COMMON TO ALL COUNTS

10. On or about July 17, 2016, Decedent was arrested by an officer, employee, agent, and/or servant of Madison County, Illinois and/or  Madison County, Illinois Sheriff's Office police department on suspicion that Decedent had committed a crime .

11. As a result of the aforementioned arrest, on or about July 17, 2016, Decedent was taken, placed and housed in the county jail located at 405 Randle Street, Edwardsville, Illinois 62025, which is operated by Madison County, Illinois and/or Madison County, Illinois Sheriff's Office.

12. At all times relevant herein, Decedent was simply a pre-*Gerstein* arrestee and not a pretrial detainee . As pleaded in the alternative, Decedent was a pretrial detainee at all times relevant herein.

13.  At the aforementioned county jail, Decedent was placed and housed not in a cell, but in the day room, which was open to Decedent and other detainees during specific times.

14.   Prior to and on or about July 17-18, 2016, Terrence T. Lee was a pretrial detainee housed in the aforementioned county jail located at 405 Randle Street, Edwardsville, Illinois 62025, which is operated by Madison County, Illinois and/or Madison County, Illinois Sheriff's Office.

15.   Terrence T. Lee had been a pretrial detainee housed in the county jail located at 405 Randle Street, Edwardsville, Illinois 62025, which is operated by Madison County, Illinois and/or Madison County, Illinois Sheriff's Office, since 2014.

16.   As of July 17-18, 2016, Terrence T. Lee had an extensive criminal record including,

but not limited to, first-degree murder, attempted murder, armed robbery, aggravated battery resulting in bodily harm, battery resulting in bodily harm, evading and elluding police, and attempted murder of a police officer, among other things, all of which were committed in Madison County, State of Illinois and this extensive criminal record was known to all of the defendants herein.

17.   Prior to July 17-18, 2016, Terrence T. Lee had physically assaulted and battered two fellow detainees of this county jail, beating them with his fists and causing one such detainee to have a brain bleed and causing the other such detainee to lose his teeth. The defendants herein knew about these two prior incidents as well.

18.   Prior to July 17-18, 2016, Terrence T. Lee had threatened other detainees and police personnel with bodily harm and the defendants herein knew about these threats.

19.   Prior to July 17-18, 2016, Terrence T. Lee had threatened other detainees with bodily harm if the other detainees were to use the television in the day room without his oversight and permission or if the other detainees did not provide him with their snacks, and the defendants herein knew about these threats.

20.   As such, the defendants herein had actual knowledge of Terrence T. Lee's propensity for physical violence toward other detainees, especially those who used the television in the day room without his oversight, and had actual knowledge of Terrence T. Lee's propensity to make violent threats toward other detainees and prison personnel.

21.   Notwithstanding the above, on or about July 18, 2016, Terrence T. Lee was not separated from the other detainees, he had not been transferred to a new facility, he was not given additional security measures, and he was permitted to go to and from the aforementioned day room unsupervised.

22.    On July 18, 2016, Decedent attempted to use the television in the aforementioned day room, after which Terrence T. Lee made a violent threat of bodily harm toward Decedent. These circumstances were captured on video cameras which were required to be monitored by unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office).

23.    Thereafter, Decedent attempted to get the attention of unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) to inform them of Terrence T. Lee's threats.

24.    None of the unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) responded to Decedent's requests for assistance and help.

25.    At said time and place, Decedent again attempted to use the television in the aforementioned day room after which Terrence T. Lee began to assault and batter Decedent with his fists and feet. These circumstances were captured on video cameras which were required to be monitored by unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office).

26.    At said time and place, Terrence T. Lee left the aforementioned day room, but returned and assaulted and battered Decedent a second time with his fists and feet. These circumstances were captured on video cameras which were required to be monitored by unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office).

27.    That at no time during the aforementioned events did any unknown John Does (officers,

employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison

County, Illinois Sheriff's Office) perform a security or well-being check on Decedent.

28.   That it took nearly two (2) hours after Terrence T. Lee assaulted and battered Decedent

for an unknown John Doe (officers, employees, and/or agents acting as police personnel for Madison

County, Illinois and/or Madison County, Illinois Sheriff's Office) to find Decedent unresponsive.

29.   That sometime between Terrence T. Lee assaulting and battering Decedent for the

second time and an unknown John Doe (officer, employee, and/or agent acting as police personnel

for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) found Decedent,

Decedent had died in the day room due to his injuries from Terrence T. Lee's aggravated assault and

battery.

### COUNT I- 42 U.S.C. § 1983- SURVIVAL ACTION- 4TH AMENDMENT DEFENDANT MADISON COUNTY, ILLINOIS

This Count I is alleged by Plaintiff against Defendant Madison County, Illinois, pursuant to

42 U.S.C. § 1983, for the violation of Decedent's Fourth Amendment rights, which survived the

death of Plaintiff's Decedent.

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in

paragraphs 1-29 as if fully set forth herein.

30.   At all times relevant herein, Defendant Madison County, Illinois was a governmental

entity, operated a county police force and county jail, and was acting under color of law.

31.   At all times relevant herein, Plaintiff's Decedent was a pre-*Gerstein* arrestee.

32.   At all times relevant herein, Defendant Madison County, Illinois had, adopted, and/or

promulgated customs, decisions, policies and/or practices that were objectively unreasonable and

that violated the Constitutional rights of its pre- *Gerstein* arrestees, including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

    a.    It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office), knowing that such officers were likely to violate the rights of their arrestees;

    b.    It failed to properly train, investigate, discipline and/or fire unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) for such violations;

    c.    It failed to properly care for, protect, and treat detained citizens in violation of their Constitutional rights;

    d.    It placed detained citizens in situations where the risk of harm was increased and not lessened;

    e.    It did not provide adequate staffing to ensure the protection, care, and treatment of the arestees;

    f.    It overcrowded the county jail;

    g.    It permitted detainees with known violent propensities and mental issues to enter areas where the general population were housed without supervision or additional security measures;

    h.    It permitted pre-*Gerstein* arrestees to be housed with pretrial detainees and did not separate the two different classifications of prisoners;

i.      It did not provide adequate monitoring of all arrestees;

j.      It did not provide continuous and reasonable observation for all arrestees;

k.      It did not fix video cameras located in the day room that were not functioning at all times relevant herein, and which were known to not be functioning at all relevant times herein; and/or

l.      It placed and housed pre-*Gerstein* arrestees in the day room.

32. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT II- 42 U.S.C. § 1983- SURVIVAL ACTION- 14TH AMENDMENT
## DEFENDANT MADISON COUNTY, ILLINOIS

This Count II is alleged by Plaintiff against Defendant Madison County, Illinois, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourteenth Amendment due process rights, which survived the death of Plaintiff's Decedent. This Count II is alleged in the alternative to Count

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30. At all times relevant herein, Defendant Madison County, Illinois was a governmental

entity, operated a county police force and county jail, and was acting under color of law.

31. At all times relevant herein, Plaintiff's Decedent was a pretrial detainee.

32. At all times relevant herein, Defendant Madison County, Illinois had, adopted, and/or promulgated customs, decisions, policies and/or practices that poised a substantial risk of serious harm to Decedent and that violated the Constitutional rights of its pretrial detainees, including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

    a. It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office), knowing that such officers were likely to violate the rights of their detainees;

    b. It failed to properly train, investigate, discipline and/or fire unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) for such violations;

    c. It failed to properly care for, protect, and treat detained citizens in violation of their Constitutional rights, including, but not limited to, their 14th Amendment rights;

    d. It placed detained citizens in situations where the risk of harm was increased and not lessened, which violated their Constitutional rights, including, but not limited to, their 14th Amendment rights;

    e. It did not provide adequate staffing to ensure the protection, care, and treatment of the detainees;

    f.     It overcrowded the county jail;

    g.     It permitted detainees with known violent propensities and mental issues to enter areas where the general population were housed without supervision or additional security measures;

    h.     It did not provide adequate monitoring of all detainees;

    j.     It did not provide continuous and reasonable observation for all detainees;

    k.     It did not fix video cameras located in the day room that were not functioning at all times relevant herein, and which were known to not be functioning at all relevant times herein; and/or

    l.     It placed and housed detainees in the day room where they were subject to other detainees.

33.    At all times material herein, the above conditions under which Decedent was incarcerated poised a substantial risk of serious harm to Decedent and serious harm did occur to Decedent.

34.  At all times material herein, unknown John Does executed and/or implemented the above noted customs, decisions, policies and/or practices that violated the Constitutional rights of Decedent and did so with deliberate indifference to the serious risks of harm these customs, decisions, policies and/or practices poised toward Decedent.

35.  As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT III- 42 U.S.C. § 1983-SURVIVAL ACTION- 4TH AMENDMENT
## MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

This Count III is alleged by Plaintiff against Defendant Madison County, Illinois Sheriff's Office, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourth Amendment rights, which survived the death of Plaintiff's Decedent.

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.  At all times relevant herein, Defendant Madison County, Illinois Sheriff's Office was a governmental entity, operated a county police force and county jail, and was acting under color of law.

31.  At all times relevant herein, Plaintiff's Decedent was a pre-*Gerstein* arrestee.

32.  At all times relevant herein, Defendant Madison County, Illinois Sheriff's Office had, adopted, and/or promulgated customs, decisions, policies and/or practices that were objectively unreasonable and that violated the Constitutional rights of its pre- *Gerstein* arrestees, including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

      a.      It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office), knowing that such officers were likely to

violate the rights of their arrestees;

b.     It failed to properly train, investigate, discipline and/or fire unknown John
       Does (officers, employees, and/or agents acting as police personnel for
       Madison County, Illinois and/or Madison County, Illinois Sheriff's Office)
       for such violations;

c.      It failed to properly care for, protect, and treat detained citizens in violation
       of their Constitutional rights;

d.      It placed detained citizens in situations where the risk of harm was increased
       and not lessened;

e.     It did not provide adequate staffing to ensure the protection, care, and
       treatment of the arestees;

f.     It overcrowded the county jail;

g.     It permitted detainees with known violent propensities and mental issues to
       enter areas where the general population were housed without supervision or
       additional security measures;

h.     It permitted pre-*Gerstein* arrestees to be housed with pretrial detainees and
       did not separate the two different classifications of prisoners; and

i.     It did not provide adequate monitoring of all arrestees;

j.     It did not provide continuous and reasonable observation for all arrestees;

k.     It did not fix video cameras located in the day room that were not functioning
       at all times relevant herein, and which were known to not be functioning at
       all relevant times herein; and/or

l.      It placed and housed pre-*Gerstein* arrestees in the day room where they were subject to other detainees.

33.  As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois Sheriff's Office in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT IV- 42 U.S.C. § 1983- SURVIVAL ACTION - 14TH AMENDMENT DEFENDANT MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

This Count IV is alleged by Plaintiff against Defendant Madison County, Illinois Sheriff's Office, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourteenth Amendment due process rights, which survived the death of Plaintiff's Decedent. This Count IV is alleged in the alternative to Count III.

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.  At all times relevant herein, Defendant Madison County, Illinois Sheriff's Office was a governmental entity, operated a county police force and county jail, and was acting under color of law.

31.  At all times relevant herein, Plaintiff's Decedent was a pretrial detainee.

32.   At all times relevant herein, Defendant Madison County, Illinois Sheriff's Office had, adopted, and/or promulgated customs, decisions, policies and/or practices that poised a substantial risk of serious harm to Decedent and that violated the Constitutional rights of its pretrial detainees, including Decedent, under the Illinois and United States Constitutions, including, but not limited to:

    a.   It hired and retained unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office), knowing that such officers were likely to violate the rights of their detainees;

    b.   It failed to properly train, investigate, discipline and/or fire unknown John Does (officers, employees, and/or agents acting as police personnel for Madison County, Illinois and/or Madison County, Illinois Sheriff's Office) for such violations;

    c.   It failed to properly care for, protect, and treat detained citizens in violation of their Constitutional rights, including, but not limited to, their 14th Amendment rights;

    d.   It placed detained citizens in situations where the risk of harm was increased and not lessened, in violation of their Constitutional rights, including, but not limited to, their 14th Amendment rights;

    e.   It did not provide adequate staffing to ensure the protection, care, and treatment of the detainees;

    f.   It overcrowded the county jail;

    g.   It permitted detainees with known violent propensities and mental issues to

enter areas where the general population were housed without supervision or additional security measures;

h.   It did not provide adequate monitoring of all detainees; and

j.   It did not provide continuous and reasonable observation for all detainees;

k.   It did not fix video cameras located in the day room that were not functioning at all times relevant herein, and which were known to not be functioning at all relevant times herein; and/or

l.   It placed and housed detainees in the day room where they were subject to other detainees.

33.   At all times material herein, the above conditions under which Decedent was incarcerated poised a substantial risk of serious harm to Decedent and serious harm did occur to Decedent.

34.   At all times material herein, unknown John Does executed and/or implemented the above noted customs, decisions,  policies and/or practices that violated the Constitutional rights of Decedent and did so with deliberate indifference to the serious risks of harm these customs, decisions, policies and/or practices poised toward Decedent.

35.  As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois Sheriff's Office in an amount

greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

### COUNT V- 42 U.S.C. § 1983- SURVIVAL ACTION- 4TH AMENDMENT DEFENDANTS unknown JOHN DOES

This Count V is alleged by Plaintiff against Defendants unknown John Does, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourth Amendment rights, which survived the death of Plaintiff's Decedent.

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.   At all times relevant herein, unknown John Does were employed as officers and/or prison personnel of Madison County, Illinois and/or Madison County, Illinois Sheriff's Office.

31.   At all times relevant herein, unknown John Does were acting within the scope of their employment and/or agency with Madison County, Illinois and/or Madison County, Illinois Sheriff's Office and were under color of law.

32.   At all times relevant herein, Defendant unknown John Does performed the following acts and/or omissions which objectively unreasonable and constituted a violation of Decedent's Constitutional rights under both the United States and Illinois Constitutions:

     a.   Placed and housed Decedent in an overcrowded cell block;

     b.   Placed and housed Decedent with Terrence T. Lee in an area that was unmonitored despite their knowledge of Terrence T. Lee's propensity for violence and threats of violence;

     c.   Failed to segregate Terrence T. Lee from the other detainees, including

Decedent, when they knew of Terrence T. Lee's propensity for violence and threats of violence;

d.    Failed to provide additional security for Terrence T. Lee when around other detainees, including Decedent, when they knew of Terrence T. Lee's propensity for violence and threats of violence;

e.    Failed to respond to Decedent's requests for assistance and help from the assault and battery committed by Terrence T. Lee on July 18, 2016;

f.    Failed to monitor and/or properly monitor the video cameras which depicted Terrence T. Lee's two assault and batteries committed on Decedent and depicted Decedent's requests for assistance and help from said assault and battery;

g.    Failed to perform security and well-being checks on a regular basis;

h.    Failed to perform adequate security and well-being checks on a regular basis;

i.    Failed to respond to prior threats of violence by Terrence T. Lee made toward other detainees and prison personnel;

j.    Failed to respond to prior acts of violence by Terrence T. Lee toward other detainees;

k.    Failed to discipline Terrence T. Lee for his prior threats of violence and acts of violence toward other detainees and prison personnel;

l.    Failed to render appropriate medical treatment to Decedent;

m.    Failed to warn and/or properly warn Decedent of Terrence T. Lee's known propensity for violent acts and threats;

n.     Placed Decedent in the day room and not in a cell, in which Decedent was exposed to other detainees;

o     Failed to provide continuous and reasonable observations of the arrestees; and/or

p.     Failed to segregate Terrence T. Lee, a pretrial detainee, from pre-*Gerstein* arrestees, including Decedent, when they are two separate classifications of prisoners.

33. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT VI- 42 U.S.C. § 1983- SURVIVAL ACTION- 14TH AMENDMENT DEFENDANT MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

This Count VI is alleged by Plaintiff against Defendants unknown John Does, pursuant to 42 U.S.C. § 1983, for the violation of Decedent's Fourteenth Amendment due process rights, which survived the death of Plaintiff's Decedent. This Count VI is alleged in the alternative to Count V.

1-29.    Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.   At all times relevant herein, unknown John Does were employed as officers and/or prison personnel of Madison County, Illinois and/or Madison County, Illinois Sheriff's Office.

31.   At all times relevant herein, unknown John Does were acting within the scope of their employment and/or agency with Madison County, Illinois and/or Madison County, Illinois Sheriff's Office and were under color of law.

32.   At all times relevant herein, Defendant unknown John Does performed the following acts and/or omissions which poised a substantial risk of serious harm to Decedent and constituted a violation of Decedent's Constitutional rights under both the United States and Illinois Constitutions:

     a.    Placed and housed Decedent in an overcrowded cell block;

     b.    Placed and housed Decedent with Terrence T. Lee in an area that was unmonitored despite their knowledge of Terrence T. Lee's propensity for violence and threats of violence;

     c.    Failed to segregate Terrence T. Lee from the other detainees, including Decedent, when they knew of Terrence T. Lee's propensity for violence and threats of violence;

     d.    Failed to provide additional security for Terrence T. Lee when around other detainees, including Decedent, when they knew of Terrence T. Lee's propensity for violence and threats of violence;

     e.    Failed to respond to Decedent's requests for assistance and help from the assault and battery committed by Terrence T. Lee on July 18, 2016;

     f.    Failed to monitor and/or properly monitor the video cameras which depicted

Terrence T. Lee's two assault and batteries committed on Decedent and depicted Decedent's requests for assistance and help from said assault and battery;

g.    Failed to perform security and well-being checks on a regular basis;

h.    Failed to perform adequate security and well-being checks on a regular basis;

i.    Failed to respond to prior threats of violence by Terrence T. Lee made toward other detainees and prison personnel;

j.    Failed to respond to prior acts of violence by Terrence T. Lee toward other detainees;

k.    Failed to discipline Terrence T. Lee for his prior threats of violence and acts of violence toward other detainees and prison personnel;

l.    Failed to render appropriate medical treatment to Decedent;

m.    Failed to warn and/or properly warn Decedent of Terrence T. Lee's known propensity for violent acts and threats;

n.    Placed Decedent in the day room and not in a cell, in which Decedent was exposed to other detainees;

o    Failed to provide continuous and reasonable observations of the arrestees; and/or

p.    Failed to segregate Terrence T. Lee, a pretrial detainee, from pre-*Gerstein* arrestees, including Decedent, when they are two separate classifications of prisoners.

33. At all times material herein, the above conditions under which Decedent was incarcerated

poised a substantial risk of serious harm to Decedent and serious harm did occur to Decedent.

34.   At all times material herein, unknown John Does executed and/or implemented the above noted acts and/or omissions with deliberate indifference to the serious risks of harm the aforementioned condition of incarceration poised toward Decedent.

35.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten and killed in the day room and suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit and attorney's fees.

## COUNT VII- WILLFUL AND WANTON CONDUCT- SURVIVAL ACTION
## MADISON COUNTY, ILLINOIS

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.   At all times relevant hereto, Defendant Madison County, Illinois had a duty to refrain from willful and wanton conduct (i.e. reckless disregard for the safety of others) toward Decedent.

31.   Notwithstanding said duty, Defendant Madison County, Illinois committed one or more of the following willful and wanton conduct (either through acts and/or omissions, taken as a whole):

    a.   Failed to provide a sufficient number of prison personnel to provide adequate 24-hour supervision of detainees, in violation of its common law duty and

Sections 701.20 and 701.130 of the Illinois Administrative Code;

b.       Failed to properly train its officers and prison personnel in security and well-being checks;

c.       Failed to properly train its officers and prison personnel in identifying detainees that poise threats of violence toward other detainees;

d.       Failed to properly train its officers and prison personnel in admissions procedures, in violation of its common law duty and Section 701.40 of the Illinois Administrative Code;

e.        Failed to properly train its officers and prison personnel in disciplining detainees with known propensities of violence and violent threats toward other detainees and prison personnel;

f.       Failed to segregate Terrence T. Lee from other detainees, including Decedent, when Terrence T. Lee's propensity for violence and violent threats was known;

g.       Failed to transfer Terrence T. Lee to a different facility when Terrence T. Lee's propensity for violence and violent threats was known;

h.       Failed to provide additional security measures for Terrence T. Lee when Terrence T. Lee's propensity for violence and violent threats was known;

i.       Placed Terrence T. Lee, a detainee with a known propensity for violence toward other detainees and violent threats toward other detainees, in the same area as other detainees, including Decedent, in violation of its common law duty and Sections 701.40 and 701.70 of the Illinois Administrative Code;

j.       Failed to follow disciplinary proceedings regarding Terrence T. Lee when his propensity for violence and violent threats was known;

k.       Failed to review and/or properly review the status and classification of Terrence T. Lee when his propensity for violence, especially toward other detainees, and violent threats was known, in violation of its common law duty and Section 701.70 of the Illinois Administrative Code;

l.       Failed to monitor its detainees, including Decedent;

m.      Allowed its employees, agents, and/or servants to perform improper security and well-being checks;

n.       Allowed its employees, agents, and/or servants to provide inadequate medical treatment to its detainees, including Decedent;

o.       Allowed its employees, agents, and/or servants to not respond to Decedent's request for help and assistance;

p.       Allowed its employees, agents, and/or servants to place and house Decedent in an area with Terence T. Lee when said employees, agents, and/or servants knew of Terrence T. Lee's propensity for violence toward other detainees and violent threats;

q.       Allowed its employees, agents, and/or servants to place Decedent in a situation where his risk of harm was greater and not less;

r.       Allowed its employees, agents, and/or servants to improperly monitor Decedent to prevent him from being injured and/or killed while in their custody;

s.      Failed to take any remedial actions to correct unknown John Does' aforementioned acts and/or omissions;

t.      Failed to supervise unknown John Does when he knew that they would commit one or more of the aforementioned acts and/or omissions;

u.      Hired unknown John Does when he knew that they had a propensity to commit one or more of the aforementioned acts and/or omissions;

v.       Retained unknown John Does when he knew that they had a propensity to commit one or more of the aforementioned acts and/or omissions; and/or

w.      Failed to warn Decedent of Terrence T. Lee's known propensity of violence/ violent threats toward other detainees.

32.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

33.   This Count is brought pursuant to the Illinois Survival Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT VIII- WILLFUL AND WANTON CONDUCT
## DEFENDANT MADISON COUNTY, ILLINOIS

1-31.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in

paragraphs 1-31 of Count VII as if fully set forth herein.

32. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom; and suffered serious and extreme pain, suffering and emotional distress prior to his death; and he incurred medical expenses and funeral expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT IX- WILLFUL AND WANTON CONDUCT- WRONGFUL DEATH DEFENDANT MADISON COUNTY, ILLINOIS

1-31.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-31 of Count VII as if fully set forth herein.

32.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom.

33.   That as a direct and proximate result of the aforesaid, five (5) potential heirs at law survived Decedent:

    1)  Plaintiff Tilia Newsome;

    2)  Rosemarie Newsome (spouse);

    3)  Howard Murray (son);

    4)  Akita Newsome (daughter); and

    5)  John Newsome Jr. (son).

34.  Said potential heirs at law were and shall continue to be deprived of the companionship,

money, goods, support, services, instruction, moral training, friendship and love provided to them by Decedent.

35. This Count is brought pursuant to the Illinois Wrongful Death Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.


### COUNT X- WILLFUL AND WANTON CONDUCT- SURVIVAL ACTION
### MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

1-29. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30. At all times relevant hereto, Defendant Madison County, Illinois Sheriff's Office had a duty to refrain from willful and wanton conduct (i.e. reckless disregard for the safety of others) toward Decedent.

31. Notwithstanding said duty, Defendant Madison County, Illinois Sheriff's Office committed one or more of the following willful and wanton conduct (either through acts and/or omissions, taken as a whole):

> a.   Failed to provide a sufficient number of prison personnel to provide adequate 24-hour supervision of detainees, in violation of its common law duty and Sections 701.20 and 701.130 of the Illinois Administrative Code;

> b.   Failed to properly train its officers and prison personnel in security and well-

being checks;

c.    Failed to properly train its officers and prison personnel in identifying detainees that poise threats of violence toward other detainees;

d.    Failed to properly train its officers and prison personnel in admissions procedures, in violation of its common law duty and Section 701.40 of the Illinois Administrative Code;

e.    Failed to properly train its officers and prison personnel in disciplining detainees with known propensities of violence and violent threats toward other detainees and prison personnel;

f.    Failed to segregate Terrence T. Lee from other detainees, including Decedent, when Terrence T. Lee's propensity for violence and violent threats was known;

g.    Failed to transfer Terrence T. Lee to a different facility when Terrence T. Lee's propensity for violence and violent threats was known;

h.    Failed to provide additional security measures for Terrence T. Lee when Terrence T. Lee's propensity for violence and violent threats was known;

i.    Placed Terrence T. Lee, a detainee with a known propensity for violence toward other detainees and violent threats toward other detainees, in the same area as other detainees, including Decedent, in violation of its common law duty and Sections 701.40 and 701.70 of the Illinois Administrative Code;

j.    Failed to follow disciplinary proceedings regarding Terrence T. Lee when his propensity for violence and violent threats was known;

k.   Failed to review and/or properly review the status and classification of Terrence T. Lee when his propensity for violence, especially toward other detainees, and violent threats was known, in violation of its common law duty and Section 701.70 of the Illinois Administrative Code;

l.   Failed to monitor its detainees, including Decedent;

m.   Allowed its employees, agents, and/or servants to perform improper security and well-being checks;

n.   Allowed its employees, agents, and/or servants to provide inadequate medical treatment to its detainees, including Decedent;

o.   Allowed its employees, agents, and/or servants to not respond to Decedent's request for help and assistance;

p.   Allowed its employees, agents, and/or servants to place and house Decedent in an area with Terence T. Lee when said employees, agents, and/or servants knew of Terrence T. Lee's propensity for violence toward other detainees and violent threats;

q.   Allowed its employees, agents, and/or servants to place Decedent in a situation where his risk of harm was greater and not less;

r.   Allowed its employees, agents, and/or servants to improperly monitor Decedent to prevent him from being injured and/or killed while in their custody;

s.   Failed to take any remedial actions to correct unknown John Does' aforementioned acts and/or omissions;

t.   Failed to supervise unknown John Does when he knew that they would commit one or more of the aforementioned acts and/or omissions;

u.   Hired unknown John Does when he knew that they had a propensity to commit one or more of the aforementioned acts and/or omissions;

v.   Retained unknown John Does when he knew that they had a propensity to commit one or more of the aforementioned acts and/or omissions; and/or

w.   Failed to warn Decedent of Terrence T. Lee's known propensity of violence/ violent threats toward other detainees.

32.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

33.   This Count is brought pursuant to the Illinois Survival Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois Sheriff's Office in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT XI- WILLFUL AND WANTON CONDUCT
## DEFENDANT MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

1-31.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-31 of Count X as if fully set forth herein.

32. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome

Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom; and suffered serious and extreme pain, suffering and emotional distress prior to his death; and he incurred medical expenses and funeral expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois Sheriff's Office in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT XII- WILLFUL AND WANTON CONDUCT- WRONGFUL DEATH DEFENDANT MADISON COUNTY, ILLINOIS SHERIFF'S OFFICE

1-31.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-31 of Count X as if fully set forth herein.

32.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom.

33.   That as a direct and proximate result of the aforesaid, five (5) potential heirs at law survived Decedent:

      1)   Plaintiff Tilia Newsome;

      2)   Rosemarie Newsome (spouse);

      3)   Howard Murray (son);

      4)   Akita Newsome (daughter); and

      5)   John Newsome Jr. (son).

34.   Said potential heirs at law were and shall continue to be deprived of the companionship, money, goods, support, services, instruction, moral training, friendship and love provided to them by Decedent.

35.  This Count is brought pursuant to the Illinois Wrongful Death Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendant Madison County, Illinois Sheriff's Office in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

## COUNT XIII- WILLFUL AND WANTON CONDUCT- SURVIVAL ACTION
## DEFENDANT unknown JOHN DOES

1-29.   Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30.   At all times relevant hereto, Defendants unknown John Does had a duty to refrain from willful and wanton conduct (i.e. reckless disregard for the safety of others) toward Decedent.

31.  Notwithstanding said duty, Defendants unknown John Does committed one or more of the following willful and wanton conduct (either through acts and/or omissions, taken as a whole):

      a.     Failed to segregate Terrence T. Lee from other detainees, including Decedent, when Terrence T. Lee's propensity for violence and violent threats toward other detainees and Decedent was known;

      b.     Failed to transfer Terrence T. Lee to a different facility when Terrence T. Lee's propensity for violence and violent threats toward other detainees was known;

      c.     Failed to provide additional security measures for Terrence T. Lee when Terrence T. Lee's propensity for violence and violent threats toward other

detainees and Decedent was known;

d.   Placed Terrence T. Lee, a detainee with a known propensity for violence toward other detainees and violent threats toward other detainees, in the same area as other detainees, including Decedent, in violation of its common law duty and Sections 701.40 and 701.70 of the Illinois Administrative Code;

e.   Failed to follow disciplinary proceedings regarding Terrence T. Lee when his propensity for violence and violent threats toward other detainees and Decedent was known, in violation of their common law duty and Illinois Administrative Code Section 701.160;

f.   Failed to review and/or properly review the status and classification of Terrence T. Lee when his propensity for violence, especially toward other detainees and Decedent, and violent threats was known, in violation of its common law duty and Section 701.70 of the Illinois Administrative Code;

g.   Failed to monitor the detainees, including Decedent;

h.   Failed to provide adequate security and well-being checks on the detainees, including Decedent, in violation of their common law duty and Illinois Administrative Code Section 701.130;

i.   Failed to provide security and well-being checks on detainees, including Decedent, in violation of their common law duty and Illinois Administrative Code Section 701.130;

j.    Failed to provide continuous observation of the detainees, including Decedent, in violation of their common law duty and Illinois Administrative

Code Section 701.130;

k.     Failed to provide adequate medical treatment to its detainees, including Decedent;

l.     Failed to respond to Decedent's requests for help and assistance;

m.     Placed and housed Decedent in an area with Terence T. Lee when Terrence T. Lee's propensity for violence toward other detainees and violent threats was known, in violation of their common law duty and Illinois Administrative Code 701.70;

n.     Placed Decedent in a situation where his risk of harm was greater and not less;

o.     Improperly monitored Decedent to prevent him from being injured and/or killed while in their custody;

p.      Failed to take any remedial actions to prevent Terrence T. Lee from injuring and/or killing Decedent while in their custody;

q.     Failed to supervise Terrence T. Lee around other detainees, including Decedent, when they knew of Terrence T. Lee's propensity of violence and violent threats toward other detainees and toward Decedent; and

r.     Failed to warn Decedent of Terrence T. Lee's propensity of violence and violent threats toward other detainees and toward Decedent.

32.   As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., suffered serious and extreme pain, suffering and emotional distress prior to his death and he incurred medical expenses as a result of the aforementioned.

33. This Count is brought pursuant to the Illinois Survival Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.


## COUNT XIV- WILLFUL AND WANTON CONDUCT
## DEFENDANT unknown JOHN DOES

1-31. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-31 of Count XIII as if fully set forth herein.

32. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom; and suffered serious and extreme pain, suffering and emotional distress prior to his death; and he incurred medical expenses and funeral expenses as a result of the aforementioned.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.


## COUNT XV- WILLFUL AND WANTON CONDUCT- WRONGFUL DEATH
## DEFENDANT unknown JOHN DOES

1-31. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1-31 of Count XIII as if fully set forth herein.

32. As a direct and proximate result of the foregoing, Plaintiff's Decedent, John Newsome

Sr., was ultimately beaten by Terrence T. Lee and died as a result of his injuries therefrom.

33. That as a direct and proximate result of the aforesaid, five (5) potential heirs at law survived Decedent:

    1)  Plaintiff Tilia Newsome;

    2)  Rosemarie Newsome (spouse);

    3)  Howard Murray (son);

    4)  Akita Newsome (daughter); and

    5)  John Newsome Jr. (son).

34. Said potential heirs at law were and shall continue to be deprived of the companionship, money, goods, support, services, instruction, moral training, friendship and love provided to them by Decedent.

35. This Count is brought pursuant to the Illinois Wrongful Death Act, which was, at all times relevant herein, in full force and effect.

**WHEREFORE,** Plaintiff, Tilia Newsome, as Administrator of the Estate of John Newsome Sr., demand judgment against Defendants unknown John Does in an amount greater than seventy five thousand dollars ($75,000.00) in addition to costs of suit.

/s/ Michael P. Glisson
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 Fax

***Attorneys for Plaintiff***

Page 35 of 36

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TILIA NEWSOME, as Administrator<br>of the Estate of JOHN NEWSOME SR,<br>Deceased,<br><br>                    Plaintiff,<br><br>          v.<br><br>MADISON COUNTY, ILLINOIS<br>MADISON COUNTY, ILLINOIS<br>SHERIFF'S OFFICE,<br> and unknown JOHN DOES,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

I, MICHAEL P. GLISSON, attorney for Plaintiff, hereby states under oath the following:

1. That the total of money damages sought in this case exceeds Seventy-five Thousand

Dollars  ($75,000.00).

<u>/s/ Michael P. Glisson</u>
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 Fax

***Attorneys for Plaintiff***

Page 36 of 36