## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TILIA NEWSOME, as Administrator of
The Estate of John Newsome, Sr. deceased,

    Plaintiff,

        v.

MADISON COUNTY, ILLINOIS, *et al.*,

    Defendants.

Case No. 16-cv-01103-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion (Doc. 19) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Plaintiff filed a timely response (Doc. 20).

**1. Background**.

According to the complaint, John Newson, Sr. was beaten by another inmate while in custody of the Madison County Jail and died due to his injuries.  Plaintiff, as administrator of Mr. Newson's estate, has brought various allegations against the defendants alleging that Mr. Newsome was housed in the day room and not in a cell.   That the defendants were aware that the other inmate had a known, extensive, and violent history yet was allowed in the day room with Mr. Newsome.  The Plaintiff further alleges that the defendants failed to any action to ensure the safety of Mr. Newsome and in fact, placed Mr. Newsome in danger by not segregating the other violent inmate from non-violent offenders.    Finally, the Plaintiff alleges that it took "nearly two" hours after Mr. Newsome was assaulted for the defendants to find him unresponsive resulting in Mr. Newsome's death in the day room.

**2. Standard.**

When reviewing defendants' Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.   *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

**3. Analysis.**

In her response to defendants' motion, the plaintiff requests leave to amend her complaint and voluntarily dismiss Counts III, IV, X - XII.   Courts should freely give leave to amend when justice so requires. Fed.R.Civ. P. 15(a)(2).   In this early stage of litigation, the Court believes that the most efficient resolution to some of the issues raised in the defendants' motion to dismiss would be to allow the plaintiff leave to amend her complaint thus making the defendants' motion to dismiss moot.

Once the amended complaint is filed, the defendants can again move to dismiss the amended pleading, if appropriate.   The defendants are reminded the Federal Rule of Civil Procedure

8(d)(1) allows a party to plead in the alternative and that if a party pleas in the alternative and either pleading is sufficient, the pleading is sufficient and Rule 12 requires certain defenses to be asserted in responsive pleading.

**4. Conclusion**.

Plaintiff is **GRANTED** leave to amend her complaint.   The amended complaint is due on or before **January 23, 2017**.   Pursuant to Federal Rules of Civil Procedure 15(a)(3), the Defendants are required to respond to the amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Defendants' Motion (Doc. 19) to Dismiss is **MOOT.**

       **IT IS SO ORDERED.**

       **DATED:**   12/20/2016

                                      *s/J. Phil Gilbert*
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**